**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 03-1927

BOLANLE O. ABIOLA,

Petitioner,

versus

JOHN ASHCROFT, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A75-345-946)

Submitted:  March 17, 2004          Decided:  April 14, 2004

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Emmanuel D. Akpan, J.D., Ph.D., Silver Spring, Maryland, for Petitioner.  Peter D. Keisler, Assistant Attorney General, Mark C. Walters, Assistant Director, Jennifer L. Lightbody, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Bolanle O. Abiola, a native and citizen of Nigeria, has filed a petition for review of the Board of Immigration Appeals' ("Board") denial of her motion to reopen removal proceedings and remand to the immigration judge for adjustment of status. We deny the petition for review.

Abiola first claims that the Board's denial of her motion to reopen violated her rights to equal protection because the Board declined to extend Matter of Velarde-Pacheco, 23 I. & N. Dec. 253 (BIA 2002), to her employment-based immigrant visa petition. Abiola maintains that the Board's decision violated her right to equal protection because it arbitrarily favors visa applicants seeking adjustment of status who enter into a bona fide marriage over visa applicants seeking adjustment of status based on their employment status.

However, we find that Abiola does not allege a colorable constitutional violation because she cannot establish that she has a property or liberty interest at stake that would implicate either equal protection or due process. Clearly, the decision to grant or deny a motion to reopen is within the sound discretion of the Board. "[A] constitutionally protected interest cannot arise from relief that the executive exercises unfettered discretion to award." Appiah v. INS, 202 F.3d 704, 709 (4th Cir. 2000); see also Smith v. Ashcroft, 295 F.3d 425, 429-30 (4th Cir. 2002).

- 2 -

Abiola also asks us to consider her challenge to the alleged delay in the Attorney General's adjudication of the employment-based visa petition filed on her behalf. Because her request for review contains "no attack upon the deportation order or upon the proceeding in which it was entered," <u>Cheng Fan Kwok v. INS</u>, 392 U.S. 206, 217 (1968), we are without jurisdiction to reach the merits of the claim. Our judicial review is available only over a "final order of removal." 8 U.S.C. § 1252(a) (2000).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>